[869 NYS2d 141]

In the Matter of Floyd T. Ewing (Admitted as Floyd Talmadge Ewing III), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, November 25, 2008

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Edwin J. Mulhern*, Carle Place, for respondent.

### OPINION OF THE COURT

Per Curiam.

In his affidavit of resignation, the respondent acknowledges that there are currently three pending investigations being conducted by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) into allegations of his professional misconduct. The respondent admits that he was retained by Kenya Zachary in or about late 2002 to initiate a legal malpractice action against a real estate attorney. He allegedly neglected Ms. Zachary's case by failing to file a motion for summary judgment or a motion to preclude the defendant from offering evidence at trial and failing to communicate with Ms. Zachary.

On or about May 3, 2004, the respondent was retained by Edward Forte to represent him in a lawsuit against an air conditioning contractor. He allegedly neglected that matter by failing to file a summons and complaint, failing to provide Mr. Forte with requested documents, and failing to communicate with Mr. Forte.

On or about December 11, 2003, the respondent was retained by Daryl Godfrey in an employment discrimination action. The respondent allegedly accepted a retainer in the sum of approximately $8,000 from Mr. Godfrey, neglected to oppose a motion for summary judgment, failed to communicate with Mr. Godfrey, failed to abide by two orders issued by United States District Court Judge Dora L. Irizarry, and was found in civil contempt and sanctioned.

The respondent acknowledges his inability to successfully defend himself on the merits against the charges initiated against him by the Grievance Committee based on the aforesaid facts.

The respondent avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone.

The respondent has discussed his resignation with his attorney and others whose advice and counsel he respects and is

aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the resignation.

Inasmuch as the proffered resignation comports with all appropriate court rules, it is accepted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding previously authorized by this Court's decision and order on application dated April 15, 2008 is discontinued in light of this resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the resignation of Floyd T. Ewing, admitted as Floyd Talmadge Ewing III, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Floyd T. Ewing, admitted as Floyd Talmadge Ewing III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Floyd T. Ewing, admitted as Floyd Talmadge Ewing III, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Floyd T. Ewing, admitted as Floyd Talmadge Ewing III, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law

or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Floyd T. Ewing, admitted as Floyd Talmadge Ewing III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated April 15, 2008 is discontinued.